UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**C L O S E D**

DERRICK LEE SMITH,

    Petitioner,　　　　　　　　　　　　Civil No. 2:07-CV-10095
　　　　　　　　　　　　　　　　　　　　HONORABLE ANNA DIGGS TAYLOR
v.　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

JEFF WHITE,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Derrick Lee Smith, ("Petitioner"), presently confined at the Ojibway Correctional Facility in Marenisco, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for two counts of third-degree criminal sexual conduct, M.C.L.A. 750.520d. For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner pleaded guilty to two counts of third-degree criminal sexual conduct in the Wayne County Circuit Court and was sentenced on May 26, 1998 to six to fifteen years in prison. Petitioner claims that he has attempted unsuccessfully to obtain the transcripts of the entire trial court record from the Wayne County Circuit Court in order to pursue an appeal from his conviction. Petitioner claims that he obtained partial transcripts from the Wayne County Circuit Court Clerk on November 24, 2006. There is

1

Dockets.Justia.com

no indication that petitioner has appealed his conviction to the Michigan Court of Appeals or to the Michigan Supreme Court.

On December 28, 2006, petitioner filed a petition for writ of habeas corpus with the U.S. District Court for the Western District of Michigan, in which he challenged his 1998 convictions for third-degree criminal sexual conduct. This petition is currently pending before Judge Gordon J. Quist in the Western District of Michigan. *Smith v. White*, U.S.D.C. No. 2:06-CV-00306 (W.D. Mich.). A decision has not yet been rendered in that case. [1]

On January 4, 2007, petitioner filed the instant petition with this Court, in which he challenged the same convictions and sentences for third-degree criminal sexual conduct that he is challenging before Judge Quist in the Western District of Michigan and raised the identical claims that he has presented in the petition before Judge Quist.

## II. Discussion

The instant petition for writ of habeas corpus must be dismissed because it is duplicative of the petition pending before Judge Quist in the U.S. District Court for the Western District of Michigan.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's current

---

[1] This Court obtained this information from the PACER system, which this Court is entitled to take judicial notice of. *See Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, because both cases seek the same relief. *Id.* Because petitioner challenges the same conviction in both petitions and raises the same claims, the Court will dismiss this second petition as being duplicative. *See, e.g.*, *Daniel v. Lafler,* 2006 WL 1547772, * 1 (E.D. Mich. June 1, 2006); *Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006); *Harrington v. Stegall,* 2002 WL 373113, * 2 (E.D. Mich. February 28, 2002); *Colon v. Smith*, 2000 WL 760711, * 1, fn. 1 (E.D. Mich. May 8, 2000); *See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657, 1989 WL 25837, * 1 (6th Cir. March 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition).

In the present case, the instant petition challenges the same conviction and raises the same claims and makes the same legal arguments as the petition in the case pending before Judge Quist.   Accordingly, this petition for writ of habeas corpus will be dismissed.

### III. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED.**

            s/Anna Diggs Taylor
            **HON. ANNA DIGGS TAYLOR**
            UNITED STATES DISTRICT COURT

Dated: January 16, 2007

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail **(Derrick Smith, #267009-E-49 Objiway Correctional Facility, N5705 Ojibway Rd, Marensico, MI 49947)** disclosed on the Notice of Electronic Filing on January 16, 2007.

                s/Johnetta M. Curry-Williams
                Case Manager